UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KHERU RA EL IMANI BEY,

              Plaintiff,

      -against-

UNITED PARCEL SERVICE, INC.,

              Defendant.
-------------------------------------------------------------X
FEUERSTEIN, District Judge:

ORDER
11-CV-2993 (SJF)(ETB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   SEP 2 0 2012   ★

LONG ISLAND OFFICE

On June 20, 2011, *pro se* plaintiff Kheru Ra El Imani Bey ("plaintiff") filed a complaint

in this Court against defendant United Parcel Service, Inc. ("defendant"), pursuant to 42 U.S.C. §

1983. Pending before the Court are: (1) defendant's motion to dismiss the complaint pursuant to

Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure; and (2) plaintiff's motion for leave

to amend the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. For the

reasons set forth herein, defendant's motion is granted and plaintiff's motion is denied.


I.     The Complaint[1]

     Plaintiff alleges that as of December 2009, he "properly corrected [his] name and national

status on the employment records of [defendant]," (Compl., ¶ 3), to reflect that he is entitled to a

tax exemption because he is a Native American of Choctaw and Cherokee lineage. (Compl., ¶ 5).

According to plaintiff, defendant is "depriving [him] of [his] right to choose [his] own tax destiny

---

[1]  As is required on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of
Civil Procedure, the factual allegations in the complaint, though disputed by defendant, are
accepted as true for purposes of this motion. They do not constitute findings of fact by this
Court.

by forcibly withholding taxes from [his] paycheck without [his] authorization." (Compl., at p. 2).
Plaintiff seeks an order enjoining defendant from its "unlawful tax action;" recoupment of all
payroll taxes withheld by defendant from his wages without his authorization; punitive damages in
the amount of thirty million dollars ($30,000,000.00); and costs. (Compl., at pp. 2, 5).

II.    Discussion

    A.    Subject Matter Jurisdiction

        1.    Standard of Review

Federal courts are courts of limited jurisdiction, see Mims v. Arrow Financial Services,
LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012); Exxon Mobil Corp. v. Allapattah Services,
Inc., 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005), and may not preside over cases
absent subject matter jurisdiction. See Exxon Mobil, 545 U.S. at 552, 125 S.Ct. 2611 (holding
that federal courts may not exercise jurisdiction absent a statutory basis); Kokkonen v. Guardian
Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (holding
that federal courts "possess only that power authorized by Constitution and statute * * *.");
County of Nassau, N.Y. v. Hotels.com, LP, 577 F.3d 89, 91 (2d Cir. 2009) (holding that federal
courts lack power to disregard the limits on their jurisdiction imposed by the Constitution or
Congress). Lack of subject matter jurisdiction cannot be waived or forfeited and may be raised at
any time by a party or by the court *sua sponte*. See Gonzalez v. Thaler, 132 S. Ct. 641, 648, 181
L. Ed. 2d 619 (2012); see also Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202,
179 L.Ed.2d 159 (2011) ("[F]ederal courts have an independent obligation to ensure that they do
not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional

questions that the parties either overlook or elect not to press. * * * Objections to subject matter jurisdiction * * * may be raised at any time.") If a court lacks subject matter jurisdiction, it must dismiss the action. See Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62-3 (2d Cir. 2009).


2.      Anti-Injunction Act

Plaintiff's claim seeking to enjoin defendant from "its unlawful tax action," i.e., withholding federal taxes from his wages, is barred by the Ant-Injunction Act, 26 U.S.C. § 7421, which provides that, with exceptions not relevant here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person * * *."

Section 3402(a) of the United States Internal Revenue Code, 28 U.S.C. § 3402(a), which provides that, with exceptions not relevant here, "every employer making payment of wages shall deduct and withhold upon such wages a tax * * *," is a method of collection of taxes within the meaning of Section 7421(a). See United States v. American Friends Service Committee, 419 U.S. 7, 10, 95 S. Ct. 13, 42 L. Ed. 2d 7 (1974) (finding that the district court's "injunction against the collection of [a] tax by withholding enjoins the collection of the tax, and is therefore contrary to the express language of the [Anti-Injunction Act]."); Karas v. Katten Muchin Zavis Rosenman, a partnership, No. 04 Civ. 9570, 2006 WL 20507, at * 3 (S.D.N.Y. Jan. 3, 2006), aff'd, 2009 WL 38898 (2d Cir. Jan. 8, 2009). Under Section 3402(a), "an employer has a mandatory duty to withhold federal income tax from an employee's wages where required by applicable regulations." Bright v. Bechtel Petroleum, Inc., 780 F.2d 766, 770 (9th Cir. 1986); see

3

also Edwards v. Stringer, 89 Fed. Appx. 663, 665 (10th Cir. Feb. 12, 2004) (holding that employers are "not only authorized, but also legally bound to withhold [from their employees' wages] and [to] pay federal income taxes to the Internal Revenue Service."); El Bey v. MTA/New York, No. 00 CV 2504, 2001 WL 487410, at * 2 (S.D.N.Y. May 8, 2001) ("An employer making payment of wages is statutorily required to deduct and withhold therefrom the applicable taxes.") "[T]hus, an action that seeks to enjoin an employer from collecting federal taxes is barred by [S]ection 7421(a)." Karas, 2006 WL 20507, at * 4; see also Loglia v. U.S., No. 94 Civ. 7316, 1995 WL 408265, at * 4 (S.D.N.Y. July 11, 1995); McFarland v. Bechtel Petroleum, Inc., 586 F. Supp. 907, 910 (D.C. Cal. 1984).

In Enochs v. Williams Packaging & Navigation Co., 370 U.S. 1, 82 S. Ct. 1125, 8 L. Ed. 2d 292 (1962), the Supreme Court recognized a single, narrow exception to the Anti-Injunction Act's limitation of judicial interference in the collection of federal taxes which applies only when a party seeking to enjoin the collection of federal taxes demonstrates: (1) that "under the most liberal view of the law and the facts, the United States cannot establish its claim," Id. at 7, 82 S. Ct. 1125; and (2) that "equity jurisdiction otherwise exists," Smith v. Shulman, 333 Fed. Appx. 607, 608 (2d Cir. June 17, 2009), i.e., that the taxpayer will suffer irreparable harm and does not have an adequate remedy at law.  See Mullings v. C.I.R., No. CV-95-4159, 1996 WL 576999, at * 4 (E.D.N.Y. July 24, 1996), aff'd, 112 F.3d 504 (2d Cir. 1997); Karas, 2006 WL 20507, at * 3; Deitz v. Trustco Bank, No. 1:05-cv-0676, 2005 WL 1871184, at * 2 (N.D.N.Y. Aug. 3, 2005); Celauro v. U.S., I.R.S., 371 F. Supp. 2d 219, 223 (E.D.N.Y. 2005).  "Otherwise, the only route available to challenge an allegedly wrongful withholding is to commence a suit for a tax refund" pursuant to 26 U.S.C. § 7422(a).  Karas, 2006 WL 20507, at * 3; see also Smith, 333 Fed. Appx.

4

at 608 (holding that prior to commencing an action in federal court seeking a refund of income tax paid, a taxpayer is "statutorily required [pursuant to 26 U.S.C. § 7422(a)] to file an administrative claim and pay the tax in full * * *.")

Plaintiff has not demonstrated that "under no circumstances could the Government ultimately prevail," Williams Packaging, 370 U.S. at 7, 82 S. Ct. 1125, in collecting federal taxes on his wages, or that he will suffer irreparable harm by paying federal taxes on his wages. Moreover, there is an adequate remedy available to him from the alleged wrongful withholding of any federal taxes upon his wages, as set forth in 26 U.S.C. § 7422(a). Accordingly, the Williams Packaging exception to the Anti-Injunction Act is not applicable. Therefore, plaintiff's claim seeking to restrain defendant from withholding federal taxes from his wages is *sua sponte* dismissed without prejudice for lack of subject matter jurisdiction.

       3.     Tax Injunction Act

The Tax Injunction Act, 28 U.S.C. § 1341, which provides that federal courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State," prohibits federal courts from interfering with the collection of state taxes.[2] See Karas, 2006 WL 20507, at * 4; see Levin v. Commerce Energy, Inc., 130 S. Ct. 2323, 2335, 176 L. Ed. 2d 1131 (2010) ("[T]he [Tax

---

   [2] 28 U.S.C. § 1362, which provides that "the district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States," is an exception to the Tax Injunction Act. See Chippewa Trading Co. v. Cox, 365 F.3d 538, 544 (6th Cir. 2004). However, that exception does not apply to suits commenced by individual Indians, such as this one. See id. at 545.

Injunction Act] stands in the way of any decree that would 'enjoin * * * collection of [a] tax

under State law.'"); Hibbs v. Winn, 542 U.S. 88, 104, 124 S. Ct. 2276, 159 L. Ed. 2d 172 (2004)

("Just as the [Anti-Injunction Act] shields federal tax collections from federal-court injunctions,

so the [Tax Injunction Act] shields state tax collections from federal court restraints."); Jefferson

County, Ala. v. Acker. 527 U.S. 423, 433, 119 S. Ct. 2069, 144 L. Ed. 2d 408 (1999) (holding

that the Tax Injunction Act "bars anticipatory relief, suits to stop * * * the collection of taxes.")

Like Section 3402(a) of the United States Internal Revenue Code, Section 671(a)(1) of the

New York Tax Law, which provides that "[e]very employer maintaining an office or transacting

business within this state and making payment of any wages taxable under this article shall

deduct and withhold from such wages * * * a tax * * *," imposes upon employers a mandatory

duty to withhold state income tax from an employee's wages.  Thus, an action that seeks to enjoin

an employer from collecting state taxes is barred by the Tax Injunction Act, so long as there is a

"plain, speedy and efficient remedy" available to the taxpayer in state court.

The phrase "plain, speedy and efficient remedy" in the Tax Injunction Act "was only

designed to require that the state remedy satisfy certain procedural criteria," Rosewell v. LaSalle

Nat. Bank, 450 U.S. 503, 522, 101 S. Ct. 1221, 67 L. Ed. 2d 464 (1981); see also Long Island

Lighting Co. v. own of Brookhaven, 889 F.2d 428, 431 (2d Cir. 1989), and must be construed

narrowly.  See California v. Grace Brethren Church, 457 U.S. 393, 413, 102 S. Ct. 2498, 73 L.

Ed. 2d 93 (1982).  The refund procedure set forth in New York Tax Law § 689 offers an adequate

remedy to challenge the assessment and collection of state taxes in New York.  See, e.g.

Franchise Tax Board of Calif. v. Alcan Aluminum Ltd., 493 U.S. 331, 338-39, 110 S. Ct. 661,

107 L. Ed. 2d 696 (1990); Grace Brethren, 457 U.S. at 413-17, 102 S. Ct. 2498; Rosewell, 450

6

U.S. at 514-15, 528.  Therefore, the Tax Injunction Act precludes plaintiff's claim seeking to restrain defendant from withholding state taxes from his wages.  Accordingly, that claim is *sua sponte* dismissed without prejudice for lack of subject matter jurisdiction.


   B.  Rule 12(b)(6) Motion

     1.  Standard of Review

  The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Aschroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. 544, 127 S.Ct. at 1959.  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678, 129 S.Ct. 1937.

  In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the

claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See McGarry v. Pallito, 687 F.3d 505, 510 (2d Cir. 2012); Rescuecom Corp. v. Google Inc., 562 F.3d 123, 127 (2d Cir. 2009). The Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citing International Audiotext Network, Inc. v. American Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)); see also DiFolco v. MSNBC Cable LLC, 622 F.3d 104, 111 (2d Cir. 2010).

### 2.    Federal Taxes

The United States Internal Revenue Code, and regulations promulgated thereunder, "impose[] an income tax on the income of every individual who is a citizen or resident of the United States." 26 C.F.R. § 1.1-1(a)(1); see also 26 U.S.C., § 1; 26 C.F.R. § 1.1-1(b) ("In general, all citizens of the United States, wherever resident, and all resident alien individuals are liable to the income taxes imposed by the [Internal Revenue] Code whether the income is received from sources within or without the United States.") "Every person born or naturalized in the United States and subject to its jurisdiction is a citizen." 26 C.F.R. § 1.1-1(c). "Indians are citizens and * * * in ordinary affairs of life, not governed by treaties or remedial legislation, they are subject to the payment of income taxes as are other citizens." Squire v. Capoeman, 351 U.S. 1, 6, 76 S. Ct. 611, 100 L. Ed. 883 (1956); see also Oklahoma Tax Commission v. Chickasaw

8

Nation, 515 U.S. 450, 466 n. 16, 115 S. Ct. 2214, 132 L. Ed. 2d 400 (1995)(recognizing that Native Americans are not exempt from the payment of federal income taxes); United States v. White, 237 F.3d 170, 172 (2d Cir. 2001) ("American Indians are subject to the federal income tax.")

The phrase "Indians not taxed" in the United States Constitution, upon which plaintiff relies, "relates solely to state taxation and does not restrict the federal government's ability to levy income tax." United States v. Willie, 941 F.2d 1384, 1400 (10th Cir. 1991); see also Dillon v. United States, 792 F.2d 849, 852 n. 1 (9th Cir. 1986) ("The reference to 'Indians not taxed' in Article I of the Constitution recognizes merely that some Indians were not taxed by the states in which they resided. It does not restrain the federal government from taxing Indians."); Jourdain v. Commissioner of Internal Revenue, 617 F.2d 507, 509 (8th Cir. 1980) ("[C]onstitutional references to 'Indians not taxed' merely reflect the fact that some Indians were not taxed by the states in which they resided; the references do not restrain the federal government from taxing Indians.")

Section 3403 of the United States Internal Revenue Code makes an employer liable to the Internal Revenue Service "for the payment of the tax required to be deducted and withheld" from an employee's wages, see Slodov v. United States, 436 U.S. 238, 243, 98 S. Ct. 1778, 56 L. Ed. 2d 251 (1978); Bright, 780 F.2d at 770, but provides that an employer "shall not be liable to any person for the amount of any such payment." "Employees have no cause of action against employers to recover wages withheld and paid over to the government in satisfaction of federal income tax liability." Edgar v. Inland Steel Co., 744 F.2d 1276, 1278 (7th Cir. 1984); see also Bright, 780 F.2d at 770 ("[S]uits by employees against employers for tax withheld are 'statutorily

9

barred.'"); Karas, 2006 WL 20507, at * 4 ("[T]he Internal Revenue Code * * * expressly

immunizes employers from liability for withholding federal taxes from wages."); El Bey, 2001

WL 487410, at * 2 ("An employer cannot be held liable for withholding taxes in compliance with

federal law as the duty to withhold is mandatory * * *.") Accordingly, the branch of defendant's

motion seeking dismissal of plaintiff's claims seeking to recoup federal taxes withheld by

defendant from his wages and to recover punitive damages on the basis that defendant violated

his civil rights by withholding federal taxes from his wages is granted and those claims are

dismissed in their entirety with prejudice for failure to state a claim for relief.


        b.     State Taxes

The principle that "Indians and Indian tribes are generally immune from state taxation * *

* does not operate outside Indian country," Chickasaw Nation, 515 U.S. at 453, 115 S. Ct. 2214,

and, therefore, States "may tax the income * * * of all persons, Indian and non-Indian alike,

residing in the State outside Indian country." Id. at 464, 115 S. Ct. 2214. The Treaty of Dancing

Rabbit Creek, Sept. 27, 1830, Art. IV, 7 Stat. 333-34, upon which plaintiff relies, is inapplicable

in this case because "[b]y its terms, the Treaty applies only to persons and property 'within the[]

[Choctaw Nation's] limits.'" Chickasaw Nation, 515 U.S. at 466, 115 S. Ct. 2214. The Treaty

does not "confer[] supersovereign authority to interfere with another jurisdiction's sovereign right

to tax income, from all sources, of those who choose to live within that jurisdiction's limits." Id.

At all relevant times, plaintiff not only resided outside of "Indian country," he was also

employed and earned his income "outside Indian country." Since the Supreme Court has held

that states are free to tax the income of Native Americans residing within their borders who earn

their income on tribal lands, see Chickasaw Nation, 515 U.S. at 466, 115 S. Ct. 2214, they are clearly also free to tax the income of Native Americans residing within their borders who earn their income outside of tribal lands, such as plaintiff. See, e.g. U.S. v. Willie, 941 F.2d 1384, 1400 (10th Cir. 1991) (holding that income "earned by way of employment in places far from the Indian reservation and * * * not derived in any way from Indian trust lands * * * is subject to taxation * * *.")

Furthermore, Section 675 of the New York Tax Law provides, in relevant part, that "[e]very employer required to deduct and withhold tax under this article is hereby liable for such tax. * * * No employee shall have any right of action against his employer in respect to any moneys deducted and withheld from his wages and paid over to the tax commission in compliance or in intended compliance with this article." Thus, like Section 3403 of the United States Internal Revenue Code, Section 675 of the New York Tax Law "protects employers from suits by employees seeking to hold them liable for sums collected and turned over to the state." Karas, 2007 WL 20507, at * 4; see also Sierra v. United States, 97 Civ. 9329, 1998 WL 599715, at * 8 (S.D.N.Y. Sept. 10, 1998) (finding that the plaintiffs' claim that their employer, acting at the behest of the Internal Revenue Service, improperly withheld their wages was barred by New York Tax Law § 675); Davis v. Rosenblatt, 208 A.D.2d 297, 299, 623 N.Y.S.2d 669 (3d Dept. 1995) (holding that New York Tax Law § 675 "immunize[s] an employer from liability to an employee in connection with the withholding of * * * State taxes * * *.") Once State taxes "have been withheld and remitted to the appropriate taxing authorities, the employee's remedy is to file a claim for a refund [pursuant to New York Tax Law § 686(a)] * * *, which is a prerequisite to legal action (* * * [New York] Tax Law § 689(c))." Davis, 208 A.D.2d at 299; see also Sierra,

1998 WL 599715, at * 8.

Moreover, aside from the statutory bar to suit, "taxpayers are barred by the principle of comity from asserting Section 1983 actions against the validity of state tax systems in federal courts * * * [and] must seek protection of their federal rights by state remedies, provided * * * that those remedies are plain, adequate, and complete." Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 116, 102 S. Ct. 177, 70 L. Ed. 2d 271 (1981); see also Levin, 130 S. Ct. at 2331 ("42 U.S.C. § 1983 does not permit federal courts to award damages in state taxation cases when state law provides an adequate remedy.") Accordingly, the branch of defendant's motion seeking dismissal of plaintiff's claims seeking to recoup taxes withheld by defendant from his wages and to recover punitive damages on the basis that defendant violated his civil rights by withholding state taxes from his wages is granted and those claims are dismissed with prejudice for failure to state a claim for relief.

4.    Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010), cert. denied sub nom Cornejo v. Monn,

12

131 S. Ct. 158, 178 L. Ed. 2d 243 (2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir.

1994)); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).  Section

1983 does not create any independent substantive right; but rather is a vehicle to "redress...the

deprivation of [federal] rights established elsewhere."  Thomas v. Roach, 165 F.3d 137, 142 (2d

Cir. 1999).


        a.      Color of State Law

     Section 1983 liability may only be imposed upon wrongdoers "who carry a badge of

authority of a State and represent it in some capacity, whether they act in accordance with their

authority or misuse it."  National Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191, 109

S.Ct. 454, 102 L.Ed.2d 469 (1988)(citation omitted); see also Fabrikant v. French, --- F.3d —,

2012 WL 3518527, at * (2d Cir. Aug. 16, 2012) ("A plaintiff pressing a claim of violation of his

constitutional rights under Section 1983 is * * * required to show state action.")  "[T]he under-

color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter

how discriminatory or wrongful."  American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50

(1999) (internal quotation marks omitted).  UPS is a private entity, not a state actor.

     Nonetheless, "state action may be found if, though only if, there is such a 'close nexus

between the State and the challenged action' that seemingly private behavior 'may be fairly

treated as that of the State itself.'"[3] Brentwood Academy v. Tennessee Secondary School Athletic

---

     [3] "If a defendant's conduct satisfies the state-action requirement of the Fourteenth
Amendment, the conduct also constitutes action 'under color of state law' for § 1983 purposes."
Brentwood Academy, 531 U.S. at 295 n. 2, 121 S.Ct. 924; see also Tancredi v. Metropolitan Life
Ins. Co., 378 F.3d 220, 229 (2d Cir. 2004).

Association, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001) (quoting Jackson v.

Metropolitan Edison Co., 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)). "The actions

of nominally private entities are attributable to the state when those actions meet one of three

tests: 1. The 'compulsion test:' 'the entity acts pursuant to the "coercive power" of the state or is

"controlled" by the state,' 2. The 'public function' test:' 'the entity "has been delegated a public

function by the [s]tate,"' or, 3. The 'joint action test' or 'close nexus test:' 'the state provides,

"*significant encouragement*" to the entity, the entity is a "willful participant in *joint activity* with

the [s]tate," or the entity's functions are "*entwined*" with state policies."' Hollander v.

Copacabana Nightclub, 624 F.3d 30, 34 (2d Cir. 2010), cert. denied, 131 S.Ct. 914, 178 L.Ed.2d

751 (2011) (emphasis and alterations in original) (quoting Sybalski v. Independent Group Home

Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008) (per curiam)); see Brentwood Academy,

531 U.S. at 296, 121 S.Ct. 924; Fabrikant, 2012 WL 3518527. "[A] private entity does not

become a state actor for purposes of Section 1983 merely on the basis of the private entity's

creation, funding, licensing, or regulation by the government." Fabrikant, 2012 WL 3518527.

UPS was not rendered a state actor, or acting under color of state law, by virtue of its

conduct in withholding taxes from plaintiff's wages pursuant to its statutory duties. See, e.g.

Stouch v. Williamson Hospitality Corp., 22 F. Supp. 2d 431, 432-33 (E.D. Pa. 1998) (holding

that there was no Section 1983 cause of action against an employer who withheld federal income

tax from its employee's wages because employers are "not [] state actor[s] or acting under color

of state law * * * when [they] perform[] such actions pursuant to [their] duty under federal or

state law."); Jenkins v. Rockwell Intern. Corp., 595 F. Supp. 399, 401 (D.C. Nev. 1984) ("The

action taken by a private party pursuant to the directions of the IRS in accordance with federal

law * * * does not state a claim under Section 1983.") To hold otherwise would effectively vitiate the "color of state law" requirement of Section 1983 because all employers complying with their statutory duties to withhold federal and state taxes from their employees' wages would then be deemed state actors. Accordingly, plaintiff cannot state a Section 1983 claim against defendant as a matter of law.

b.    Constitutional Deprivation

Nor does plaintiff allege a deprivation of his constitutional or federal rights. The refund claim procedures set forth in Section 7422 of the United States Internal Revenue Code have been found adequate to protect a taxpayer's due process rights. See, e.g. Bothke v. Fluor Engineers & Constructors, Inc., 834 F.2d 804, 816 (9th Cir. 1987); Zernial v. United States, 714 F.2d 431, 435 (5th Cir. 1983); Herrington v. United States, 416 F.2d 1029, 1034 (10th Cir. 1969); Brown v. Lethert, 360 F.2d 560, 562 (8th Cir. 1966). Moreover, an employer's 'compliance with its legal obligation to withhold taxes from its employee[']s [wages] is not a violation of [the employee's] civil rights." Edwards v. Stringer, 89 Fed. Appx. 663, 665 (10th Cir. Feb. 12, 2004). Accordingly, the branch of defendant's motion seeking dismissal of plaintiff's Section 1983 claims is granted and those claims are dismissed in their entirety with prejudice for failure to state a claim for relief.

5.    18 U.S.C. § 242

To the extent plaintiff seeks to pursue a claim under 18 U.S.C. § 242, that is a criminal statute that does not create a private right of action. See Storm-Eggink v. Gottfried, 409 Fed.

15

Appx. 426, 427 (2d Cir. Feb. 2, 2011); <u>Robinson v. Overseas Military Sales Corp.</u>, 21 F.3d 502,

511 (2d Cir. 1994). Accordingly, the branch of defendant's motion seeking dismissal of

plaintiff's claim under 18 U.S.C. § 242 is granted and that claim is dismissed in its entirety with

prejudice for failure to state a claim for relief.[4]


      C.     Leave to Amend

     Plaintiff moves for leave to amend his complaint to assert a claim that defendant is

"denying [his] legal right to contest [his] tax liability" because, *inter alia*, he "ha[s] made no

agreement with the Defendant authorizing tax withholdings." (Proposed Amended Compl.

["PAC"], ¶ 7).

     Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given

leave to amend "when justice so requires." Nevertheless, "[l]eave to amend, though liberally

granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'"

<u>Ruotolo v. City of New York</u>, 514 F.3d 184, 191 (2d Cir. 2008) (citing <u>Foman v. Davis</u>, 371 U.S.

178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); <u>see also</u> <u>Burch v. Pioneer Credit Recovery, Inc.</u>,

551 F.3d 122, 126 (2d Cir. 2008). "[W]here the plaintiff is unable to demonstrate that he would

be able to amend his complaint in a manner which would survive dismissal, opportunity to

replead is rightfully denied." <u>Hayden v. County of Nassau</u>, 180 F.3d 42, 53 (2d Cir. 1999); <u>see</u>

---

    [4] In light of the dismissal of plaintiff's complaint in its entirety, the branch of defendant's
motion seeking dismissal of the complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil
Procedure is denied without prejudice as moot.

also Beachum v. AWISCO New York Corp., 459 Fed. Appx. 58, 59 (2d Cir. Feb. 16, 2012)

(summary order) (accord); Lucente v. International Business Machines Corp., 310 F.3d 243, 258

(2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand

a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).")

     Plaintiff's proposed amended complaint is futile since, for the reasons set forth above, it

fails to state a claim for relief.  Moreover, Section 3403 of the United States Internal Revenue

Code precludes employer liability based upon a failure to honor a taxpayer's claimed exemption

from withholding taxes.  See, e.g. Magee v. Boeing-Irving Co., No. Civ.A. 3:03-cv-1265, 2004

WL 1515820, at * 2 (N.D. Tex. July 2, 2004); Lonsdale v. Smelser, 553 F. Supp. 259, 259-60

(D.C. Tex. 1982).  Plaintiff's claim that by refusing to honor his claimed tax exemptions,

defendant is denying him his right to contest his tax liability is without merit since, *inter alia*,

plaintiff may contest his tax liability by filing a claim for a tax refund on his tax returns.  See

Magee, 2004 WL 1515920, at * 2.  Accordingly, plaintiff's motion for leave to amend the

complaint is denied.


III.    Conclusion

     For the reasons set forth above, plaintiff's claims seeking to enjoin defendant from

withholding federal and state taxes from his wages are *sua sponte* dismissed without prejudice for

lack of subject matter jurisdiction; the branches of defendant's motion seeking dismissal of

plaintiff's remaining claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are

granted and plaintiff's remaining claims are dismissed in their entirety with prejudice for failure

to state a claim for relief; the branch of defendant's motion seeking dismissal of the complaint

17

pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure is denied without prejudice as

moot; and plaintiff's motion for leave to amend the complaint pursuant to Rule 15(a) of the

Federal Rules of Civil Procedure is denied. The Clerk of Court shall enter judgment in favor of

defendant, close this case and serve notice of entry of this Order in accordance with Rule 77(d)(1)

of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se*

plaintiff at his last known address, *see* Fed. R. Civ. P. 5(b)(2)(c).


SO ORDERED.

                                        s/ Sandra J. Feuerstein
                                        _____
                                        Sandra J. Feuerstein
                                        United States District Judge

Dated: September 20, 2012
       Central Islip, New York

18